Scott, J.
It would seem probable, from,the bill of exceptions in this case, that the evidence which the plaintiffs in error sought to offer in the court below, in reduction of damages, was excluded on the authority of Baker v. Thompson, 16 Ohio, 507, 508. Bu that case seems to have turned wholly on the construction of the statute in relation to a total or partial failure of consideration. No reference is made in the case to the doctrine of recoupment. But in the subsequent case of Steamboat Wellsville v. Geisse, 3 Ohio St. 333, the right of a defendant, in a proper case, and under a proper state of pleadings, to reduce by way of recoupment, the damages sought to be recovered by the plaintiff, was directly considered and fully recognized as the law of this state. The court say: “ It is a right so reasonable in itself, so necessary to the simple and economical administration of justice, and so entirely congenial to our system of jurisprudence, that, however doubted or denied in some parts of the state, it has, in general, commended itself to our courts, and become well established.” In this opinion we concur.
When a party.sues to recover for goods sold and delivered, or work and labor performed under a contract, it would seem reasonable that he may be required, upon proper notice, to account in the *88 same action for his own disregard of the obligations of the same contract. Why should he be allowed to recover, as upon a *full performance on his part, and the defendant be driven to a cross-action, the result .of which would leave the parties just where the principle of recoupment would have placed them at the close of the former suit?
And the principle is the same, whether the suit be brought upon the original contract, or, as in this case, upon a promissory note founded thereon.
Our present code fully sanctions this right, and provides for its exercise by way of counter-claim.
It was properly held, in the case last cited, that as recoupment signifies nothing more than a reduction of damages, the right could only be exercised under a special notice, and not under a plea which purports to bo a bar to the action.
But, in the present case, the defendants in the court below had laid a proper foundation for the exercise of this right by special notice, which called in question the performance, on the part of the plaintiffs, of their stipulations in the contract which formed the consideration of the note sued upon. They had notified the plaintiffs specifically of their intention to prove, upon the trial, that the patterns and flasks, in purchase of which the note had been in part given, had not been delivered; and that the portion which had been delivered was not in working condition, as the contract of the parties required. The evidence which was excluded tended to prove the truth of at least a part of the special matter set up in the notice, and should have been allowed to go to the jury.
Judgment of the common pleas reversed, and cause remanded.
Bartley, C. J., and Swan, Brinkerhoee, and Bowen, JJ., concurred.